STOKER, Judge.
George V. Kite was the sole owner of all the corporate stock of an automobile dealership and of real estate and improvements located upon it from which the dealership conducted business. Billie R. Kite, wife of George, qualified as executrix of George’s succession after George died on March 2, 1977. The children of George V. Kite brought this suit against Billie R. Kite for monetary damages for losses alleged to have resulted from alleged violation by Billie R. Kite of her fiduciary duties as succession representative.
The plaintiffs were unsuccessful in the trial court. They have appealed the judgment of the trial court which dismissed their suit against the defendants, Billie Reeves Kite and Fireman’s Fund Insurance Company. The plaintiffs have presented the following issues for review:
1. Did Billie R. Kite, as succession representative, have an active duty to perform whatever acts were necessary to attempt to maintain the Kite Corporation as a part owner of a G.M. franchise dealership in DeRidder, Louisiana? (Actually the dealership had separate franchises with each of several divisions of General Motors.)
2. Did Billie R. Kite violate her fiduciary duties as a succession representative and fail to act in the best interest of the heirs in her attempts to secure for herself an ownership interest in the G.M. franchise dealership in DeRidder, Louisiana?
3. Did Billie R. Kite, as succession representative, have an active duty to take any necessary steps to attempt to lease Lots 10, 11, 12, 13, 14 and 15 of Twin Lakes Subdivision, DeRidder, Louisiana for the benefit of the succession?
4. Did Billie R. Kite violate her fiduciary duties as a succession representative when she failed to take any step whatsoever to secure a tenant for Lots 10, 11, 12, 13, 14 and 15 of Twin Lakes Subdivision, DeRidder, Louisiana and thereby generate income for the succession?
We affirm the judgment of the trial court.
The trial judge wrote excellent reasons in explanation of and in support of his judgment. After a careful review of the testimony and documents in evidence in this record, we find that the trial judge’s findings are correct and his resolution of the case proper. We adopt the trial court’s reasons for judgment as our own opinion in this case. We set forth those reasons in full as follows:
“This is a suit by the heirs of George V. Kite, [the] decedent[,] against his surviving second spouse, Billie R. Kite, complaining that she violated her fiduciary duty during the time that she acted as executrix and administratrix of the succession of the said decedent.
“The violation of duty alleged in this matter, relates solely to the events surrounding the automobile franchise operated by the late Mr. Kite and the real property on which it was located.
“George V. Kite formed and was the sole owner of a corporation entitled Kite Pontiac-Buick-Olds-GMC, Inc. (‘Kite Corporation’). Since 1975 there had been in effect franchise agreements between the Kite Corporation and the four divisions of General Motors reflected in the corporation name, which agreements were set out in written contracts. Exhibit J-l is one of those contracts entitled ‘Dealer Sales & Service Agreement’. This one is for the Pontiac Motors Vehicles division but it is representative of the agreements between the Kite Corporation and all of the divisions mentioned. For purposes of this opinion, the pertinent part of that agreement is seen in Paragraph THIRD entitled ‘Management and Ownership'. The document explains that the corporation is the dealer but that Pontiac has relied upon representations that George Kite personally is the dealer owner and the dealer operator. These terms *450 are defined so that the dealer operator should have managerial authority and the dealer owner would continue to hold the requisite percentage of ownership interest in the dealer[sic].
“George Kite executed a will in 1976 attempting to make a donation mortis causa to his wife, Billie R. Kite, of the entirety of all capital shares of the Kite Corporation and [the usufruct] of the real estate (Twin Lake Subdivision Lots) on which the franchise operated its business.
“The will was contested by the children of George Kite, plaintiffs in this action, and after protracted litigation, the will was declared a nullity. The shares of stock in the Kite Corporation then devolved upon the children of George Kite, plaintiffs in this action.
“Following the death of George Kite, the GM Divisions terminated the dealership agreements with the Kite Corporation effective July 31, 1977. Billie R. Kite had qualified as executrix of the will which had not yet been annulled and, in that capacity, requested extensions of the termination date from the GM Divisions. She was successful in gaining a one-year extension which is the maximum allowed under the dealership agreement. After the year was over and the Kite Corporation franchise had come to an end, an application was made to the four General Motors divisions for a franchise to be issued to a new dealership consisting of a corporation entitled ‘CBG Corporation’, owned jointly by Billie Kite, Charles D. Perkins and Gary Blackmon and designating Charles D. Perkins as the dealer operator. Mr. Perkins had been the general manager of the Kite franchise and had been on the board of directors of the Kite Corporation.
“GM awarded the four franchises to CBG Corporation. The former Kite Corporation employees were offered jobs and a majority of them went to work for the new franchise.
“The only assets left to the Kite Corporation were the real estate with improvements and some movables. During her tenure as executrix, Mrs. Kite was unsuccessful in finding a new tenant for the property vacated by the automobile dealership.
“Plaintiffs claim that the loss of the automobile franchise to the Kite Corporation and the failure to find a tenant on the mentioned real estate constitute violations of fiduciary duties owed by the executrix to the plaintiffs.
“Article 3191 of the Code of Civil Procedure states:
“ ‘A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law ... ’
Under the terms of the dealership agreement with the GM divisions, the presence of George V. Kite as operator and dealer owner was integral to the contracts. His death triggered the time table which would result, as it did, in a termination of the contract no later than one year following his death. After the termination of the existing franchise, General Motors was free to enter into a new agreement with a new dealer. The executrix was powerless to maintain the franchise agreement in effect indefinitely. Thus, the succession was the owner only of a one year term of the agreement. It would have been beyond the duties of the succession representative to take steps to make an application for a new dealership which would include the Kite Corporation or the Kite heirs.
“Plaintiffs point to the successor addendum to the franchise agreements which had established Charles D. Perkins as a ‘proposed dealer operator’ of a ‘proposed dealer successor’ in the event of a termination of the existing franchise. This addendum did not secure any rights to the Kite Corporation and did not bind Mr. Perkins to be the dealer operator for any particular successor dealer.
“After the death of George Y. Kite the various divisions of General Motors opted to exercise rights of termination and it became the duty of the executrix to bring the remaining term of the fran- *451 This she ac-chise to an orderly close, complished. The fact that she combined with others to obtain interest in a new dealership was not a violation of any fiduciary duty. Most simply stated, the loss of the dealership by the Kite Corporation resulted, not from anything done by Billie R. Kite, but from the death of George V. Kite.
“Regarding the Twin Lakes Subdivision Property, [the] executrix attempted to lease the property to the new dealership. This was opposed by the heirs and the rental properties remained vacant during the remaining tenure of the executrix. The plaintiffs have failed to prove that the executrix’s inability to locate another tenant was the result of dereliction of duty. The character of the property was not such as could be rented by a great variety of businesses. Furthermore, the one tenant which was found after defendant’s term as executrix testified that his availability was fortuitous. Also demonstrating the difficulty in finding tenants were the facts that the commercial property surrounding the franchise facilities also remained unleased and the heirs of George V. Kite chose to sell the biggest part of the property once they obtained possession.
“It is the finding of this court that Billie R. Kite did not violate duties incumbent upon her as testamentary executrix or as provisional administratrix of the succession of George V. Kite and for these reasons, the claims of the plaintiffs are dismissed at their costs.”
For the reasons stated above, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the plaintiffs-appellants.
AFFIRMED.